IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BOKF, N.A., as indenture trustee,<br><br>Plaintiff,<br><br>v.<br><br>BAMA OAKS RETIREMENT, LLC;<br>SAINT SIMONS HEALTH CARE, LLC;<br>and THE MEDICAL CLINIC BOARD OF<br>THE CITY OF MOBILE (SECOND),<br><br>Defendants. | Case No. 21-00028-KD-B |

**RECEIVER'S MONTHLY OPERATING REPORT DATED JUNE 21, 2022**
**(ASSISTED LIVING FACILITY)**

Derek Pierce, managing partner of Healthcare Management Partners, LLC ("**HMP**"), as the court-appointed receiver (the "**Receiver**") in the above-captioned action, submits this monthly operating report for the period from May 15, 2022 through June 11, 2022 (the "**Reporting Period**").

**ADMINISTRATION OF THE RECEIVERSHIP ESTATE AND FACILITY OPERATIONS**

Since the Receiver's appointment on April 13, 2021 pursuant to the *Order Appointing Receiver* (Dkt. No. 42) (the "**Receivership Order**")[1] and subsequent acceptance of the Receiver's appointment on April 16, 2021, the Receiver has gained access to and control over all of Bama Oaks Retirement, LLC's assets and taken from Bama Oaks Retirement, LLC and Saint Simons Health Care, LLC all rights and powers with respect to the Facility, the Facility's administration and operation, and all other aspects of the Receivership Estate. The Receiver continues providing oversight and direction to the current manager of the Facility, reviewing and analyzing past

---

[1] Capitalized terms used in this monthly operating report and not otherwise defined shall have the meanings ascribed to them in the Receivership Order.

financial reports, and preparing forward-looking cash flow analyses and projections. The Receiver will continue to take all actions the Receiver deems necessary and advisable to fulfill the Receiver's obligations under the Receivership Order.

### TURNOVER OF ASSETS AND RECORDS

Pursuant to the Receivership Order, the Receiver is to exercise his full power and authority to control, manage, administer, operate, and protect the Receivership Estate. In addition, the Receivership Order: (a) directs the Receiver to operate and administer the Receivership Estate in an economical and efficient manner in compliance with the terms and conditions of the Bond Documents and applicable law; and (b) authorizes and directs the Receiver to recover, collect, operate, maintain, preserve, and manage the Receivership Estate in the best interests of the Receivership Estate's creditors. To that end, upon the Receiver's acceptance of his appointment under the Receivership Order, the Receiver immediately demanded that the above-captioned defendants and their respective officers, directors, stockholders, members, managers, subscribers, agents, and any other persons acting in active concert with them deliver to the Receiver all items necessary to operate and administer the Receivership Estate. To date, other than with regards to the Facility's early termination of its insurance program, the above-captioned defendants have cooperated with the Receiver. The Receiver will continue (y) investigating whether requests for additional information are necessary and (z) assessing whether the Receiver has obtained access to all of the Receivership Estate.

### MANAGEMENT OF THE RECEIVERSHIP ESTATE

The Receiver is maintaining exclusive possession and control over the Receivership Estate, as contemplated and directed by the Receivership Order. HMP Senior Solutions, LLC, an affiliate

of HMP, continues to serve as the management company for the Facility, managing the Facility under the direction and supervision of the Receiver.

## FINANCIAL PERFORMANCE

Attached as **Exhibit A** to this monthly operating report is a cash flow analysis for the Reporting Period. As set forth in the attached cash flow analysis, as of the beginning of the Reporting Period, the Receivership Estate had a beginning cash balance of **$68,421**. During the Reporting Period, the Receivership Estate collected **$208,941** in cash receipts (of which, **$49,563** consisted of transfers from the Independent Living Facility and Skilled Nursing Facility) and expended **$164,381** in necessary operating expenses and **$0** in necessary non-operating expenses, resulting in cash flow during the Reporting Period in the amount of **$44,559**. As a result, at the conclusion of the Reporting Period, the Receivership Estate had an ending cash balance of **$112,980**. As of the end of the Reporting Period, the Facility had: (a) nine (9) occupied assisted living units out of sixty-two (62) available assisted living units; and (b) thirty-six (36) occupied specialty care assisted living units out of fifty-six (56) available specialty care assisted living units.

## INFORMATION REGARDING COVID-19

In accordance with CDC guidance, the Facility is no longer conducting COVID-19 testing because the Facility is in a low transmission area. During the Reporting Period, there were no residents or employees who tested positive for COVID-19. The Facility continues to follow the recommendations for COVID-19 infection control and prevention issued by the World Health Organization, Centers for Disease Control, Centers for Medicare and Medicaid Services, and the State of Alabama.

**RETENTION OF PROFESSIONALS AND INCURRED PROFESSIONAL FEES**

Pursuant to Paragraph 8(xxiv), the Receiver is authorized to engage professionals in the ordinary course of the Facility's business, as the Receiver may, subject to the approval of the Trustee, deem necessary or advisable to assist the Receiver in the performance of its duties under the Receivership Order, with the fees and expenses of such professionals payable on a current basis from the Receivership Estate as operating expenses, subject to Paragraph 8(xxx) of the Receivership Order.

Waller Lansden Dortch & Davis, LLP ("*Waller*") continues to serve as general counsel to the Receiver and assist with the substantial legal work required to advise and represent the Receiver with respect to his general duties under the Receivership Order. In accordance with Paragraph 36 of the Receivership Order, the Receiver and Waller will seek payment of the Receiver's and Waller's fees and expenses on the twentieth of each calendar month, by filing fee applications setting for reasonably itemized time entries and expenses. In each instance a fee application is filed, unless a party files a written objection within thirty (30) calendar days of the filing of the respective fee application, the respective fee application will be deemed approved and the Receiver shall be authorized to pay the fees and expenses as necessary expenses of the operation of the Facility without further order of the Court.

As previously reported, Blueprint Healthcare Real Estate Advisors, LLC ("*Blueprint*") has been retained as the Receiver's real estate broker and exclusive listing agent for the real and personal property associated with: (i) the skilled nursing facility commonly known as Knollwood Healthcare; (ii) the Facility; and (iii) the independent living facility commonly known as Gordon

Oaks Senior Living (collectively, the "*Facilities*").[2] Blueprint has agreed to charge the Receiver the greater of (a) two percent (2%) commission on the gross sale price of the Facilities and (b) Two Hundred Thousand Dollars ($200,000), whether the Facilities are sold in one or multiple transactions. Blueprint is actively marketing the Facilities.

## LIQUIDATION OF CLAIMS OF THE RECEIVERSHIP ESTATE

As part of the Receiver's duties and obligations under the Receivership Order, the Receiver undertook to investigate potential claims against third parties and whether any such claims should be pursued by way of legal action, in accordance with the Receiver's power set forth in paragraphs 8(xv) and 8(xviii) of the Receivership Order. As of the Reporting Period the Receiver has not identified any claims against third parties that it intends to pursue.

## CLAIMS PROCEDURES

As previously reported, in accordance with the *Order Granting Receiver's Motion to Approve (I) Proposed Claims Verification Procedures, (II) Claims Bar Date, and (III) Proposed Claims Distribution Method* (the "**Claims Order**"), the deadline to file claims was **September 6, 2021 at 5:00 p.m. (prevailing Central time)**. As also previously reported, (a) the Receiver has received sixteen (16) claims in accordance with and pursuant to the Claims Order; and (b) the Receiver has not undertaken to reconcile or otherwise determine the veracity of the claims filed to date, but the Receiver will undertake such actions at an appropriate time in the future as part of the Receiver's claims reconciliation process during this proceeding.

---

[2] The Receiver also serves as receiver and has retained Blueprint in similar capacities in *BOKF, N.A., as indenture trustee v. Bama Oaks Retirement, LLC*, No. 21-00029-KD-B and *BOKF, N.A., as indenture trustee v. Gordon Jensen Health Care Association, Inc., et al.*, No. 21-00031-KD-B, each of which involve the Facilities.

### SALE PROCESS

On February 4, 2022, the Receiver filed *Receiver's Motion for Order: (I) Authorizing and Approving Bidding Procedures for the Sale of Substantially All of the Assets of the Receivership Estates; (II) Authorizing the Sale of Substantially All of the Assets of the Receivership Estates Free and Clear of All Liens, Claims, Encumbrances, and Other Interests; (III) Approving Stalking Horse Purchaser, Break-Up Fee, and Overbid Protections; (IV) Scheduling a Hearing to Approve the sale of Substantially All of the Assets of the Receivership Estates; and (V) Granting Related Relief* (Dkt. No. 108) (the "**Sale Motion**").

As previously reported, the Court entered the *Bidding Procedures Order* (Dkt. No. 127), pursuant to which the Court, among other things, established May 6, 2022 at 5:00 p.m. (prevailing Central time) as the deadline to submit a competing bid, scheduled a public sale by auction to occur on May 12, 2022 at 9:30 a.m. at the main entrance of the Court, scheduled a hearing to consider approval of any sale for Friday, May 13, 2022 at 11:00 a.m. (this hearing was subsequently rescheduled to 1:30 p.m.), and established May 12, 2022 at 5:00 p.m. (prevailing Central time) as the deadline to file any objections to any sale.

On May 12, 2022, the Receiver caused to be filed a *Notice of Successful Bidder* (Dkt. No. 142), notifying the Court there was a single Qualified Bidder, the Successful Bidder was the Stalking Horse Purchaser, Southern Skilled Acquisitions I, LLC, and the Successful Bid was $12,000,000. On May 17, 2022, the Court entered the *Order (I) Authorizing, Approving, and Directing the Sale of Substantially All of the Assets of the Receivership Estates to the Successful Bidder and Backup Bidder Free and Clear of All Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving the Successful Bid and Backup Bid; (III) Approving Marketing and Sale Process; and (IV) Granting Related Relief* (Dkt. No. 145) (the "**Final Sale**

*Order*"), approving a sale of substantially all assets of the Receivership Estate. Subject to and in accordance with the Final Sale Order, the Receiver will undertake all steps to close the sale of substantially all assets of the Receivership Estate as contemplated in the Sale Motion. The sale is currently scheduled to close between July 15, 2022 and August 1, 2022.

## PENDING MATTERS

As of the date of this fourteenth monthly operating report, the following unopposed motions are pending:

(i) *Receiver's Motion to Approve Compensation for Services Rendered and Expenses Incurred for the Period From April 1, 2022 Through April 30, 2022* (Dkt. No. 148); and

(ii) *Waller Lansden Dortch & Davis, LLP's Motion to Approve Compensation for Services Rendered and Expenses Incurred as Counsel to Receiver April 1, 2022 Through April 30, 2022* (Dkt. No. 149).


[*Remainder of page intentionally left blank*]

Dated: June 21, 2022                                   Respectfully submitted,

   /s/ Brian J. Malcom
Brian J. Malcom
WALLER LANSDEN
DORTCH & DAVIS, LLP
1901 Sixth Ave. North, Suite 1400
Birmingham, AL 35203
Tel: (205) 226-5706
Fax: (205) 214-7342
Brian.Malcom@wallerlaw.com

- and -

Ryan K. Cochran
Alabama Bar No. 1748N70C
WALLER LANSDEN
DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219
Tel: (615) 850-8778
Fax: (615) 244-6304
ryan.cochran@wallerlaw.com

*Attorneys for the Receiver, Derek Pierce of Healthcare Management Partners, LLC*

Case 1:21-cv-00028-KD-B   Document 151   Filed 06/21/22   Page 9 of 11   PageID #: 2199

## CERTIFICATE OF SERVICE

I, the undersigned, declare that a true and correct copy of the foregoing was served via the Court's CM/ECF electronic noticing system on the date set forth below on the following:

**W. Joseph McCorkle , Jr.**
Balch & Bingham
P. O. Box 78
Montgomery, AL 36101

**Frederic Dorwart**
Frederic Dorwart Lawyers
Suite 100
124 E. Fourth Street
Tulsa, OK 74103

**James A. Higgins**
Frederic Dorwart, Lawyers PLLC
124 E. 4th Street
Tulsa, OK 74103

**Nora R. O'Neill**
Frederic Dorwart, Lawyers PLLC
124 East Fourth Street
Tulsa, OK 74103

**Patrick Nicholas Silloway**
Balch & Bingham
30 Ivan Allen Jr. Blvd., NW
Suite 700
Atlanta, GA 30308

**Walter Jones**
Balch & Bingham
30 Ivan Allen Jr. Blvd NW Suite 700
Atlanta, GA 30308

**Mary Allie Elizabeth Boller**
Thomas R. Boller, PC
150 Government Street
Suite 1001
Mobile, AL 36602

**Thomas R. Boller**
150 Government St., Ste. 1001
Mobile, AL 36602

**Michael Mark Linder , Jr.**
The Atchison Firm
3030 Knollwood Drive
Mobile, AL 36693

This 21st day of June, 2022.　　　　　　　　　　　　/s/ Brian J. Malcom
　　　　　　　　　　　　　　　　　　　　　　　　OF COUNSEL

**EXHIBIT A**

**CASH FLOW REPORT**

## Bama Oaks - Assisted Living
From the Period 05/15/2022 - 06/11/2022

| Cash Flow WorkSheet | Actual | Actual | Actual | Actual | Actual |
|---|---|---|---|---|---|
| Week Beginning Date | 5/15/2022 | 5/22/2022 | 5/29/2022 | 6/5/2022 | 5/15/2022 |
| Week Ending Date | 5/21/2022 | 5/28/2022 | 6/4/2022 | 6/11/2022 | 6/11/2022 |
| **Total Unit Occupancy** | 38% | 38% | 37% | 38% | 38% |
| **Total Available Units** | 118 | 118 | 118 | 118 | 118 |
| **Total Occupied Units** | 45 | 45 | 44 | 45 | 45 |
| Available Independent Living Units | n/a | n/a | n/a | n/a | n/a |
| Occupied Independent Living Units | n/a | n/a | n/a | n/a | n/a |
| Available Assisted Living Units | 62 | 62 | 62 | 62 | 62 |
| Occupied Assisted Living Units | 9 | 9 | 9 | 9 | 9 |
| Available SCALF Units | 56 | 56 | 56 | 56 | 56 |
| Occupied SCALF Units | 36 | 36 | 35 | 36 | 36 |
| **Beginning Balance** | $68,421 | $7,982 | $1,059 | $41,265 | $68,421 |
| **Cash Receipts** | | | | | |
| Resident Payments - Independent Living | $ - | $ - | $ - | $ - | $ - |
| Resident Payments - Assisted Living | - | - | 12,552 | 21,297 | 33,849 |
| Resident Payments - SCALF | - | - | 31,101 | 94,428 | 125,529 |
| Resident Refunds | - | - | - | - | - |
| **Total Cash Receipts** | $ - | $ - | $ 43,653 | $ 115,725 | $ 159,378 |
| **Cash Disbursements** | | | | | |
| Labor | (44,082) | (2,006) | - | (45,901) | (91,989) |
| Contract Labor | (10,910) | (12,134) | - | (13,975) | (37,019) |
| Management Fees | - | - | - | - | - |
| Medical Director | (1,100) | - | - | (1,100) | (2,200) |
| Insurance | - | - | - | - | - |
| Worker's Comp Insurance | - | - | - | - | - |
| General & Administrative | (147) | (51) | - | (46) | (243) |
| Dietary | (3,037) | (2,986) | (2,774) | (3,252) | (12,048) |
| Rental & Leases | - | - | - | - | - |
| Utilities - Cable TV, Internet, & Phone | (128) | (1,034) | - | (210) | (1,371) |
| Utilities - Electricity | (4,348) | (490) | - | - | (4,838) |
| Utilities - Gas | - | - | - | - | - |
| Utilities - Pest Control | (108) | - | (326) | (172) | (605) |
| Utilities - Waste Disposal | (74) | (1,160) | (348) | (348) | (1,931) |
| Utilities - Water | - | - | - | (3,468) | (3,468) |
| Supplies | (165) | (59) | - | (343) | (567) |
| Housekeeping | - | - | - | - | - |
| Repairs & Maintenance | (764) | (750) | - | (71) | (1,585) |
| Travel | - | - | - | - | - |
| Marketing | (2,975) | (3,111) | - | - | (6,086) |
| Petty Cash | (102) | (205) | - | - | (307) |
| Professional Fees | - | - | - | - | - |
| Taxes, Licenses, Dues & Fees | - | - | - | (124) | (124) |
| Miscellaneous | - | - | - | - | - |
| **Total Cash Disbursements** | $ (67,938) | $ (23,986) | $ (3,448) | $ (69,010) | $ (164,381) |
| **Cash Flow From Operations** | (67,938) | (23,986) | 40,206 | 46,715 | (5,003) |
| Cap-EX | - | - | - | - | - |
| Transfers to/from Indenture Trustee | - | - | - | - | - |
| Approved, Paid Professional Fees | - | - | - | - | - |
| Approved, Unpaid Professional Fees | - | - | - | - | - |
| Accrued, Unpaid Professional Fees, Not Yet Approved | - | - | - | - | - |
| Net Due to/from Gordon Oaks - Independent Living | 7,500 | - | - | - | 7,500 |
| Net Due to/from Knollwood | - | 17,063 | - | 25,000 | 42,063 |
| Net Due to/from Marsh Pointe Management | - | - | - | - | - |
| Net Due to/from St. Simons Healthcare | - | - | - | - | - |
| Bankruptcy Fees | - | - | - | - | - |
| **Net Cash Flow** | $ (60,438) | $ (6,923) | $ 40,206 | $ 71,715 | $ 44,559 |
| **Ending Balance** | $7,982 | $1,059 | $41,265 | $112,980 | $112,980 |